```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WILLIAM OSCAR HARRIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TROY LEVI<br>*WARDEN FDC - PHILADELPHIA,*<br><br>　　　　　Respondent.<br>_____<br><br>WILLIAM OSCAR HARRIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TROY LEVI<br>*WARDEN FDC - PHILADELPHIA,*<br><br>　　　　　Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 08-1792 (JBS)<br><br>&<br><br>Civil No. 10-3493 (JBS)<br><br>[Relates to Cr. No. 03-354-01 (JBS)]<br><br><br>**MEMORANDUM OPINION** |

**SIMANDLE,** District Judge:

　　This matter is before the Court on two petitions for writs of habeas corpus filed by William Oscar Harris (sometimes identifying himself as Oscaro El Hari, Bey).  [Civil No. 08-1792, Docket Item 1; Civil No. 10-3493, Docket Item 1.]  THE COURT FINDS AS FOLLOWS:

　　1.  William Oscar Harris was convicted by a jury of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and six counts of passing fraudulent money orders and aiding or abetting of such acts in violation of 18 U.S.C. §§

541(a)(2) and 2.  [Cr. Docket Item 289.]  Harris was sentenced to a term of imprisonment of 188 months for his crimes.  He appealed, but did not reassert the jurisdictional challenge he made during the course of the district court proceedings, and the appeal was denied.  See United States v. Harris et al., 271 F. App'x 188 (3d Cir. 2008).[1]

2.  On February 29, 2008, Harris filed his first petition for habeas corpus relief in the United States District Court for the Eastern District of Pennsylvania.  The petition raises a single claim:  that this Court lacked jurisdiction over the underlying criminal matter.  Construing the motion as one for relief pursuant to 28 U.S.C. § 2255, Judge Joyner of the Eastern District of Pennsylvania transferred the case to this Court, the district in which Harris was convicted.

3.  This Court notified Harris, pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), that he should include in that first § 2255 motion all of his claims, because any attempt to raise additional claims in a second or successive § 2255 motion would have to overcome stringent procedural obstacles.  Prior to this Court's Miller order, Petitioner twice objected to transfer and characterization of the petition as a § 2255

---

[1] Harris had filed a verified petition to dismiss the indictment based on a lack of jurisdiction.  [Cr. Docket Item 79.]  After a hearing, on April 15, 2003, this Court denied the motion and concluded that the Court had proper jurisdiction over the criminal proceeding.  [Cr. Docket Item 101-02.]

petition [Civil No. 08-1792, Docket Items 3 & 5], and twice objected after the Miller order [Civil No. 08-1792, Docket Items 7 & 8]. None of these objections raised any coherent arguments against the characterization of the motion — instead, Harris merely argued that the Court was lying by saying that the Petition was labeled as a § 2255 petition, but the Court construed the petition because of its content, not its label. Docket Item 8, which is the only filing facially purporting to address the Miller order, is a list of demands that the Court prove to Harris a series of non-sequiturs, such as that the Court "has not directed a request for 1099-OID and W-9 disclosure to" him and is "not engaged in identity theft." [Civil No. 08-1792, Docket Item 8.] None of the filings sought to modify or withdraw the petition.

4. The contents of Harris's first petition — and the United States response to it — are identical in all material respects to the petition of his co-conspirator, Reginald David Lundy in Civil Action 08-1931. See Lundy v. Levi, Civil No. 08-1931 (JBS), 2011 WL 1584141 (D.N.J. April 26, 2011). The reasons underlying this Court's recent denial of the petition in Civil Action 08-1931 are equally applicable to Harris's first petition. In short, the petition must be construed as seeking relief pursuant to 28 U.S.C. § 2255, and even if the Court reached the merits of the petition, the argument for why this Court lacked criminal

3

jurisdiction is meritless pursuant to United States v. Abdullah, 289 F. App'x 541, 543 n.1 (3d Cir. 2008).  See Lundy, 2011 WL 1584141 at *3-4.  More specifically, Petitioner's sole claim, that the Court lacked jurisdiction because of an alleged fifty-year-old defect in the Court's jurisdiction under 18 U.S.C. § 3231, is incorrect; among other reasons, "even if the 1948 amendment to § 3231 were somehow defective, the District Court would retain jurisdiction over this case because the predecessor to § 3231, which Petitioner does not challenge, provides for such jurisdiction as well."  Abdullah, 289 F. App'x at 543 n.1.

    5.  While nothing more needs to be said about the content of Harris's first petition, after the United States response in this case, Petitioner subsequently made six more filings in Civil No. 08-1792:  An "Independent Action for Relief from Judgment" pursuant to Rule 60(b)(5), in which he claims that his body is being held as surety for a debt by the United States [Civil No. 08-1792, Docket Item 13]; a petition for summary judgment on that Rule 60 motion [Civil No. 08-1792, Docket Item 14]; another petition for summary judgment on the Rule 60 motion [Civil No. 08-1792, Docket Item 15]; a filing of further proof in support of the motion for summary judgment [Civil No. 08-1792, Docket Item 16]; a petition for recusal of the undersigned pursuant to 28 U.S.C. § 455 [Civil No. 08-1792, Docket item 18]; and finally a petition seeking judicial notice that Petitioner is a "free

sovereign moor" being "held hostage as surety for and under the name of William Oscar Harris," and that he is not a United States citizen (but his "body which is flesh" is a "human vehicle made of the earth" that is "indigenous to America").  [Civil No. 08-1792, Docket Item 19.]

6. The Court declines to recuse from this case.  Under 28 U.S.C. § 455(a), "a judge should recuse himself where a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality."  Blanche Road Corp. v. Bensalem Tp., 57 F.3d 253, 266 (3d Cir. 1995).  Section 455(b) requires recusal "where he has a personal bias or prejudice concerning a party."  §455(b)(1).  Petitioner maintains that the undersigned has a financial interest in this matter because Petitioner is being held in civil contempt pursuant to this Court's Order, with his criminal sentence running consecutive to his detention for contempt.  [Cr. Docket Items 192 & 245.] During the course of the criminal proceedings against Harris, the Court found him to be in civil contempt for continuing to send documents to other judicial officers, court employees and attorneys, which documents purported to create fraudulent liens or other financial interests.  The Court ordered that Harris be incarcerated until he purged himself of his contemptuous conduct by withdrawing the documents and renouncing any future intent to send such fraudulent materials.  [Cr. Docket Items 192 & 245.]

5

The Court's Contempt Order has remained in place since June 7, 2004.  The contempt order was issued based on Harris's continued violation of this Court's order by creating affidavits of debt against the property of the Honorable Freda Wolfson, United States District Judge, and against the property of Assistant United States Attorney Paul A. Blaine.  [Cr. Docket Items 192 & 245.]  The undersigned has no financial interest in that contempt order, much less in the outcome of the present proceedings.  There is no basis for recusal in this case.

7.  Petitioner's filing seeking relief under Rule 60(b)(5) is also meritless and will be denied.  Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six specified reasons, including the fact that "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Petitioner claims to have satisfied the surety that was the basis for his body being detained.  Even if the Court reached the merits of the Rule 60 petition, since Petitioner is being held until he purges his civil contempt of Court and not as a surety that could be satisfied by paying a debt, there is no basis for relief under Rule 60(b)(5).

8.  The Court declines to take judicial notice of any of the facts identified by Petitioner.  Pursuant to Federal Rule of

6

Evidence 201(b), "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  None of the proposed facts satisfy either condition.  For example, the statement that "Affiant has a spirit which is the indestructible divine essence in man" is not generally known within the territorial jurisdiction of the trial court nor capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

    9.  In summary as to Civil No. 08-1792, Harris's first petition for writ of habeas corpus will be denied for substantially the same reasons as laid out in Lundy v. Levi, Civil No. 08-1931 (JBS), 2011 WL 1584141 (D.N.J. April 26, 2011).  Namely, any defect in the 1948 amendment of 18 U.S.C. § 3231 would not render this Court lacking in jurisdiction over Harris's criminal case.  Harris's further motions and petitions in Civil No. 08-1792 will be denied, as there is no basis for the Court to recuse, Harris's body is not being held pursuant to a surety, and the Court cannot take judicial notice of Harris's various spiritual beliefs.

    10.  Finally, on May 13, 2009, Harris filed another petition in the Eastern District of Pennsylvania, which was ultimately

transferred to the undersigned in this district.  [Civil Action 10-3493, Docket Item 1.]  That petition seeks habeas corpus relief based on arguments the Court has previously rejected and that are rejected above, including that Petitioner is being held as surety for a debt that has been satisfied, and that for various reasons the United States lacked jurisdiction over him.  Therefore, even if the new petition is construed as a motion to amend his earlier-filed petition rather than an impermissible successive petition under 28 U.S.C. § 2255(h) (since it was filed before the earlier petition wad decided), it is without merit.  It will therefore be denied.  The accompanying Order will be entered.

**May 23, 2011**         **s/ Jerome B. Simandle**
Date                     JEROME B. SIMANDLE
                         United States District Judge